## GUNDERSON BROS. *v.* COMMISSION

Morris J. Galen, Tonkin & Galen, Portland, represented plaintiff.

Donald C. Seymour, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for plaintiff rendered November 15, 1968.

EDWARD H. HOWELL, Judge.

The plaintiff appeals from a tax commission order denying plaintiff's claim for a personal property tax exemption under the Oregon free port statute, ORS 307.810, the material part of which is set forth below.[1]

---

[1] ORS 307.810(1) states:

"(1) Personal property in transit through this state is goods, wares and merchandise destined for sale in the ordinary course of trade or business, manufactured or produced outside the state and brought into the state for transshipment to an out-of-state destination (other than the county of origin), while being so shipped or while held in public or private storage awaiting further shipment. Such property is deemed to have acquired no situs in Oregon for purposes of taxation. Such property shall not be deprived of exemption

Most of the facts have been stipulated.

The plaintiff is engaged in manufacturing railroad cars which it sells to various railroad companies. Plaintiff purchases wheels, axles, side frames, bolsters and other items from out-of-state manufacturers. The items mentioned are shipped into Oregon and assembled here by plaintiff to form "trucks" which consist of four wheels with two axles. A center pin is located in the center of each truck and a complete unit consists of two sets of trucks. The railroad car frame which is manufactured by plaintiff is placed on the center pin resulting in a complete railroad car which is ready for delivery.[2]

All of the components are purchased and assembled for specific purchase orders from railroad companies and are destined for sale in plaintiff's trade or business. The completed railroad cars are delivered by plaintiff to the railroad companies on the railroad tracks at plaintiff's plant in Portland and are shipped to out-of-state destinations by the railroad which purchased the complete units. Title to the railroad cars is transferred to financial institutions located outside of Oregon.

Both ORS 307.810 and the decision in *Weyerhaeuser Co. v. Tax Com.*, 244 Or 561, 419 P2d 608

---

because while in the warehouse the property is assembled, bound, joined, disassembled, divided, cut, broken in bulk, labeled, packaged, relabeled or repackaged. The exemption granted shall be liberally construed to effect the purposes of ORS 307.810 to 307.990."

[2] The railroad car frames are not involved in plaintiff's claim for exemption under the free port statute. Only the component parts mentioned which are assembled at plaintiff's plant are claimed in the exemption. These parts may be described as those parts which are used to make up the two sets of wheels under the railroad car frame.

(1966), require a liberal interpretation of the free port statute.

In order to be entitled to the exemption the plaintiff must show that the personal property involved was produced outside of Oregon, brought within Oregon for transshipment out of the state, was destined for sale in plaintiff's ordinary course of trade or business and was held in public or private storage awaiting further shipment.[9] While being so held the property may be assembled, bound or joined together.

■ The commission argues that the parts which make up the sets of wheels, or "trucks" as they are called, are not brought into the state to await further shipment but are brought into Oregon to await the manufacturing process. The evidence indicates otherwise. The various parts involved in the claim for exemption retain their separate identities and are held in segregated storage in plaintiff's warehouse until they are assembled into units. The parts are not welded together but are held together by pressure and weight. The wheels can be disassembled in the same manner that they are put together, resulting in the same original parts. As the plaintiff's witness testified, it is "like putting one of these little Chinese wooden block puzzles together. The heavy weight of these steel castings really serves to hold the whole thing together more than anything else."

The fact that the railroad car frame is placed on the wheels and held there by the pin should not disqualify plaintiff from securing an exemption for the component parts of the assembled wheels. The plaintiff is not seeking an exemption for the car frame which can be removed from the wheels by lifting it

---

[9] The parties have stipulated that the component parts involved were located in a warehouse.

off the pin. The process is not comparable, as the defendant argues, to the manufacturing of clothing from bolts of cloth or boards from logs. Each unit, including the cars, retains its separate identity and may be disassembled in the same manner it is put together.

The stipulation and the evidence show that the plaintiff has met all the qualifications set forth in the free port statute. The parts are manufactured outside of Oregon, purchased outside of Oregon, brought into the state by the plaintiff for out-of-state shipment, are destined for sale in plaintiff's ordinary trade or business and, while held in a private warehouse awaiting shipment, are assembled, bound and joined together. The stipulation also states that the wheels, axles and bolsters are not changed in form or shape by the process of assembling, binding and joining the same to the railroad car frame.

The plaintiff is entitled to the claimed exemption under the free port law.